```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

SHIRLEY TSCHINKOWITZ,              :
                                   :
     Plaintiff,                    :
                                   :
     v.                            :    CASE NO. 3:08-cv-167(RNC)
                                   :
KOHLS DEPT. STORES INC.,           :
                                   :
     Defendant.                    :
```

                            RULING ON MOTIONS

Pending before the court are the defendant's Motion to Quash (doc. #30) and the plaintiff's Motion to Compel (doc. #28). The motions concern a subpoena served on a third party, Kelly Pappas, a claims manager at Liberty Mutual Insurance Company ("Liberty Mutual"), the defendant's insurer. Neither Ms. Pappas nor Liberty Mutual have filed any response to the motions. The court rules as follows.

A.   Motion to Quash

(1)  To the extent the defendant claims the subpoena should be quashed because of the geographic location of the deponent, the Motion to Quash is DENIED. Fed. R. Civ. P. 45(b)(2)(B) provides that a subpoena may be served at any place outside the district of the issuing court if it is within 100 miles of the place specified for the deposition. The subpoena satisfies the rule.

(2) As to the argument that the subpoena is violative of Fed. R. Civ. P. 30(b)(6), the motion to quash is DENIED. The subpoena appears to be directed to a particular individual, not

to the corporation, and the rule does not preclude such a deposition.  If the plaintiff intends to take a 30(b)(6) deposition, she must serve a subpoena which makes that clear and which complies with the dictates of Rule 30(b)(6).

(3) The motion to quash is DENIED without prejudice to the extent the defendant argues that the plaintiff's subpoena seeks production of records that are protected by the work product doctrine.  Fed. R. Civ. P. 45(d)(2) provides procedures for a person responding to a subpoena to withhold documents based on a claim of privilege or work product protection.  Those procedures require the person to "expressly make the claim" and to "describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim."  Fed. R. Civ. P. 45(d)(2).  The requirements for a privilege log are set forth in D. Conn. L. Civ. R. 26(e).

If a claim of privilege or work product protection is made, the dispute may be resubmitted to the court with specific argument about the items sought to be withheld.

B.   Motion to Compel

The plaintiff's motion to compel, doc. #30, is also DENIED without prejudice because it appears that the deponent's failure to comply with the subpoena was based on the defendant's filing of a motion to quash.

C.   Conclusion

In light of the pending, unopposed Motion for Summary Judgment, any further discovery motions shall be filed on or before September 11, 2009.  Counsel are reminded of their obligation to confer in a good faith effort to resolve disputes prior to seeking court intervention.  D. Conn. L. Civ. R. 37(a). They are further reminded that discovery motions must be accompanied by a memorandum of law fully complying with the requirements of D. Conn. L. Civ. R. 37(b).

SO ORDERED at Hartford, Connecticut this 14th day of August, 2009.

       ____/s/_____
       Donna F. Martinez
       United States Magistrate Judge